Leonard **GOODNIGHT**, Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error.

No. A–13084.

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1961.

Paul R. Haunstein, Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Robert L. Gregory, County Atty., Garfield Co., William J. Otjen, Jr., Asst. County Atty., Enid, for defendant in error.

NIX, Presiding Judge.

Leonard Goodnight, the plaintiff in error hereinafter referred to as the defendant, was charged by information in the district court of Garfield County with the crime of armed robbery. He was tried before a jury who found the defendant guilty and assessed his punishment at five years in the state penitentiary.

Defendant lodged his appeal in this court within the time prescribed by statute. He relies for reversal upon the proposition in substance, that the evidence was insufficient to support the verdict and that the court erred in not sustaining a demurrer to the evidence and erred in not sustaining a motion for a directed verdict. A review of the evidence clearly reflects that defendant's contention is void of merit.

The testimony reveals that on the 17th day of February, 1961 Mrs. Helen Garner was attending a liquor store in Enid, Oklahoma, and about 9 p. m. a man entered the store and made inquiry as to where the good liquor was, and walked toward the back of the place of business. The man turned upon Mrs. Garner with a gun and said:

"Lady, if you will do what I tell you, get down on the floor, you won't get hurt; this is a hold-up."

Mrs. Garner testified as to the incident as follows:

" * * * I said,—I was just looking at him, and I said, 'Are you kidding?', and I glanced down and I saw the gun. He said, 'No, get down on the floor or I will kill you'. Well, I got down on the floor. Then he went into the other room, to the cash register, and said 'How do you open this?' Before I had a chance to say something why he opened the cash register, and he said 'where is the rest of the money?', he said 'There should be more money in here than this'. I said 'Well, that is all, the manager took it home when he left'. Then he picked up my purse, and I had a sack underneath there where my grandson had been working in the package store it was on the other side, and I had some money in there, about $20.00 or $25.00, and I had just stuck it under there, under the counter, and he picked that up. And he said 'I am going to take your purse', and I said, 'Well there is no money in my purse, maybe a couple dollars, you can have it.' So he threw the purse down, and he says, 'Well I will take these two bottles of whiskey',—two fifths Jack Daniels, green and black label, and he said, 'You keep your head down for thirty minutes', he said, 'I am going to take this out to my buddy, this money and whiskey', and he said, 'You keep

down, if you don't keep your head down I will kill you.'

"So with that, he was gone, and I laid there then, I don't know just how long it was, it wasn't too long, when Jim Brooks came in and found me there."

Mrs. Garner positively identified the defendant as the man who entered the store and robbed her. At the time of the alleged offense defendant was a parolee from the Oklahoma State Penitentiary for the charge of armed robbery for which he had received a 75 year sentence. He was paroled after serving about 23 years. Defendant denied the charge and denied any knowledge of the hold up and proclaimed his innocence at trial and at the time judgment and sentence was pronounced.

██ The corpus delicti was well established by Mrs. Garner and her story substantiated by Mr. Brooks who found the prosecuting witness on the floor of the liquor store shortly after the robbery and also by the police who investigated the crime. She was positive about identification of the defendant, both in a line up and at the trial. Though the defendant denied the offense in positive manner the conflict created a question for the jury and they chose to believe the prosecuting witness instead of defendant. This court has been consistent in its holdings that though there may be a conflict in the testimony it is the province of the jury to weigh the testimony and ferret out the truth and where there is competent evidence upon which the jury could base their verdict it will not be disturbed on appeal. Queen v. State, 35 Okl.Cr. 412, 250 P. 935.

No briefs were filed in the case. However, oral argument was made by defense counsel before the court wherein he advanced the argument herein discussed.

A review of the entire record indicates that he had a fair trial and was afforded all his constitutional rights, was represented by able counsel and received the minimum amount of punishment prescribed by law.

We found no grounds of such a nature as to require reversal. The judgment and sentence of the trial court is therefore affirmed.

BRETT and BUSSEY, JJ., concur.