J. R. ALEXANDER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13566.

Court of Criminal Appeals of Oklahoma.

March 24, 1965.

See also Okl.Cr., 393 P.2d 882.

———◆———

Joe K. Page, Poteau, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

J. R. Alexander was charged by Information in the District Court of LeFlore County with Larceny of Domestic Animals. He was tried by jury who found him guilty and assessed his punishment at 3 years in the State Penitentiary. From the judgment and sentence of the court pronounced in accordance with the verdict of the jury, he appeals.

This prosecution was laid under the provision of Title 21 O.S.1961, § 1716, the same providing:

"Any person in this State who shall steal any horse, jackass, jennet, mule, cow, or hog, shall be guilty of a felony and upon conviction shall be punished by confinement in the State Penitentiary for a term of not less than three years, nor more than ten years; * * *."

In construing this statute this court has uniformly held that in order to support a conviction for larceny of domestic animals, it is necessary to allege and prove the

ownership of the animal stolen, and a felonious intent on the part of the taker to deprive the owner thereof and to convert the same to his, the taker's own use. See Taylor v. State, 95 Okl.Cr. 98, 240 P.2d 803.

In the instant case the state established that nineteen head of unmarked and unbranded listed pigs owned by one Idus (Nub) Putman were found to be missing sometime after November 26, 1962, and that nineteen listed pigs had been sold by J. R. Alexander to the sales barn in Mena, Arkansas on the 27th day of November, 1962.

Careful examination of the record in the instant case fails to disclose any evidence or circumstances from which it might reasonably be inferred that the pigs sold by the said J. R. Alexander were the missing pigs owned by Idus (Nub) Putman.

For the failure of the state to establish the ownership of the animals alleged in the information, this case is reversed and remanded with instructions to dismiss.

NIX and BRETT, JJ., concur.