**Kenneth PAXTON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13863.**

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1966.

Rehearing Denied Oct. 3, 1966.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

 Kenneth Paxton, hereinafter referred to as defendant, was charged by Information in the District Court of Logan County with the crime of Murder. He was tried by a jury, found guilty of the included offense of Manslaughter in the First Degree, and his punishment fixed at four years imprisonment in the State Penitentiary at McAlester. Judgment and sentence was entered against the defendant in accordance with the verdict of the jury on May 14, 1965, and thereafter, on November 12, 1965, a timely appeal was perfected to this Court by filing Petition in Error with casemade attached. Casemade was withdrawn for the purpose of making corrections and refiled in this Court on May 20, 1966. On March 31, 1966, no brief having been filed by the defendant within the time provided by the rules of this Court, or valid extension thereof, this case was summarily submitted under Rule 9 which provides:

"When briefs are not filed, or when an appearance is not made, the cause will be submitted and examined for fundamental error only."

Thereafter, on June 20, 1966, some seven months after the appeal was originally lodged, and six months after the expiration of time within which a brief should have been filed in support of petition in error, counsel for defendant sought an extension of time within which to file a brief and the same was denied. This Court is extremely reluctant to deny any reasonable request for an extension of time within which to file a brief on behalf of any person appealing from a judgment and sentence confining them to imprisonment in in the State Penitentiary, but when it appears from an examination of the casemade that none of the errors alleged in the petition in error can be supported by citations of authority, the Court will review the record and if it is free of fundamental error, will affirm the conviction.

 In the instant case, the evidence adduced on behalf of the State, establishes that on the 29th day of February, 1964, the decedent, one Roosevelt Franklin, Jr., in the company of Mr. and Mrs. Ralph Wallace and Mr. and Mrs. Harold Wallace, proceeded to the home of Verbenia Jefferson, situate in the City of Guthrie, Logan County, Oklahoma, where, upon entering the home of the said Verbenia Jefferson, an argument took place between the decedent and the defendant. The decedent used vulgar and approbrious language toward the defendant, who drew a pistol from his clothing, whereupon the decedent and Harold Wallace left the premises and returned a short time thereafter. When the defendant observed that the decedent had returned to the premises, he drew his automatic pistol from his clothing, fired one shot which entered the body of the said Roosevelt Franklin, Jr., who expired shortly thereafter at the Municipal Hospital from the gunshot wound so inflicted.

The State's witnesses testified that at the time the fatal shot was fired, and immediately preceding it, the decedent had made no menacing jesture toward the de-

**94**

fendant. Defendant, testifying in his own behalf, stated that at the time the fatal shot was fired and immediately prior thereto, the decedent was advancing on him with a knife and had slashed his (the defendant's) clothing and that the shot was fired in necessary self-defense. Verbenia Jefferson, defense witness, testified on direct examination that she saw a knife in the hands of decedent prior to the time the shot was fired, but admitted on cross-examination that she had stated to the Assistant Attorney General, Charles Owens, a few days prior to trial that she could not recall whether or not she had seen such a weapon on the deceased.

In the petition in error, it is urged that this cause should be reversed and remanded for the following reasons:

a. Error of the Court in denying defendant's request for directed verdict.

b. Error of Court in overruling defendant's demurrer to the evidence.

c. That the verdict is not sustained by sufficient evidence, or is contrary to law.

d. That the verdict is contrary to and in disregard of the Court's instructions.

■ From the foregoing recital of facts adduced from the record, it is abundantly clear that the evidence was conflicting and presented questions of fact for determination of the jury. We are of the opinion that these assignments of error are without merit, for we have repeatedly held, as we stated in Goodnight v. State, Okl.Cr., 366 P.2d 957:

"Where there is a conflict in the testimony it is the exclusive province of the jury to weigh the evidence and ferret out the truth and if there is competent evidence to support their findings this Court will not disturb the verdict on appeal."

In the instant case there was ample evidence introduced on behalf of the State to support the verdict of the jury. We must therefore hold that these assignments of error are without merit.

A review of the entire record indicates that defendant had a fair trial and was afforded all his constitutional rights, was represented by able counsel and received the minimum amount of punishment prescribed by law. We found no grounds of such a nature as to require reversal. The judgment and sentence of the trial court is therefore affirmed.

NIX and BRETT, JJ., concur.