**Thomas HOBBS, Plaintiff in Error,**
**v.**
**The STATE of Oklahoma, Defend-**
**ant in Error.**
**No. A–13992.**

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1967.

Rehearing Denied Dec. 7, 1967.

Whit Pate, Poteau, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal from a conviction for the crime of larceny of a domestic animal. This defendant and two other men were charged with larceny of a calf. The other two defendants plead guilty to the charge and were sentenced to the state penitentiary, whereas this defendant entered a plea of not guilty and stood trial. The jury found him guilty and sentenced him to serve three years in the state penitentiary.

The State introduced six witnesses to make its case. The owner of the stolen

calf testified as to how he discovered the loss of his animal, the basis for his identification, and how he, his neighbor and the marshal of the town of Panama located the three men who stole the animal. The neighbor and the marshal corroborated the owner's testimony, and in addition testified to certain voluntary admissions made by one of the accused men, in the presence of this defendant.

The county sheriff testified and likewise told of certain voluntary admissions made by one of the defendants, in the presence of this defendant; and to the finding of certain other evidence. Mr. Fred Maxwell testified to being with the three men when they located the calf, killed it, and loaded it into the back-end of the automobile. He also testified to certain voluntary statements, made in the presence of this defendant, which corroborated the statements of the other witnesses. Ray Carson, one of the defendants, testified and corroborated Maxwell's story. Carson also testified to the voluntary admissions and statements he made after the arrest.

The defendant testified in his own behalf and denied any knowledge of the calf, and its being stolen and killed. He also introduced six character witnesses, who testified to the good reputation of this defendant.

The defendant offered no objections to the court's instructions, and he offered only one requested instruction, which he admits was correctly refused. His motion for new trial was filed and overruled by the court. He lists four errors in his motion for new trial, whereas in his petition in error he sets forth eight errors, which are treated under three propositions.

Counsel for defendant filed no brief in his appeal, but he set forth in his motion for new trial his contentions of error, his authorities, and argument on each point. Counsel appeared before this Court and argued defendant's case.

Defendant first contends that the misconduct of the county attorney prevented him from receiving a fair trial. He states that after reading the information charging the three men, the county attorney said, in substance, "To this charge the defendant Carson entered a plea of guilty and received a term of three years; that defendant Butler has entered a plea of guilty and received a term of one year; the defendant Hobbs has entered a plea of not guilty, and is on trial today."

We find that the record fails to sustain counsel in the contention. However, the record does reflect that *defense counsel* explicitly informed the jury that Carson had plead guilty to the crime, and he believed that Butler had also admitted his implication therein. In support of his position, he cites Wharton's Criminal Evidence, and one case, Pryor v. State, 34 Okl.Cr. 131, 245 P. 669. However, neither citation properly supports defendant's contention of error.

Defendant's second contention states that it was error for the trial court to admit statements made by co-defendant Carson, concerning guilt after the arrest of the defendant, even though the statements were made in the presence of the defendant. To support his position, defendant cites Crabb v. State, 86 Okl.Cr. 323, 192 P.2d 1018. In the Crabb case, the defendant remained silent and did not take the witness stand to testify. In the instant case, the defendant did testify in his own behalf.

The distinguishing feature of the two cases is the fact that in the case at bar, the defendant testified in his own behalf. Had Hobbs not testified in his own behalf, this contention of error would have had considerably more merit; but when he testified, he placed the jury in the position of being able to weigh the defendant's denial against the accusatory testimony of the state's witness Carson, as it was corroborated by other witnesses. Likewise, under the rule established in Crabb v. State, supra, even though that part of the testimony of Mr. Ledbetter concerning what was said in the defendant's presence was hearsay, such is not true of co-defendant Carson's testimony relating essentially the

**184**

same facts. Further, it might be said that any error which resulted from Ledbetter's testimony was cured, when co-defendant Carson testified and was subjected to cross-examination. Therefore, we conclude that defendant's second proposition is without merit.

■ Defendant's third complaint, concerning the court's instructions, is without merit. It is admittedly predicated upon defendant's failure to request a proper instruction. Insofar as he failed to make such request, and did not object to any of the court's instructions, we must deny this proposition.

■■ The court's instruction number 6, in which the definition of an accomplice is provided, is sufficient. We observe also that instruction number 7, which defined co-defendant Carson as an accomplice, and which went on to instruct further that the defendant could not be convicted on Carson's testimony alone but that such must be found to be corroborated, met the requirements complained of by defendant concerning instruction number 6. Concerning the court's instructions as a whole, they are considered to be sufficient.

Lastly, defendant complains that the evidence was not sufficient to sustain the verdict, and that his motion for a directed verdict should have been sustained.

Defendant cites Alexander v. State, Okl. Cr., 400 P.2d 458, wherein this Court recited: "to support a conviction for larceny of domestic animals, it is necessary to allege and prove the ownership of the animals stolen, and felonious intent on the part of the taker to deprive the owner thereof and to convert the same to his, the taker's own use."

■ The Alexander case is correct, but those elements required to be proved are questions of fact for the jury to decide. It is axiomatic that intent may be inferred from the commission of the crime itself, in the absence of some evidence to the contrary. The jury had all the facts before it, had an opportunity to observe the witnesses on the stand, and concluded that the State produced sufficient evidence to prove all the elements of the offense. We therefore conclude that defendant's motion was properly denied.

■ In Goodnight v. State, Okl.Cr., 366 P.2d 957, Judge Nix recited as follows:

"This court has been consistent in its holdings that though there may be a conflict in the testimony it is the province of the jury to weigh the testimony and ferret out the truth and where there is competent evidence upon which the jury could base their verdict it will not be disturbed on appeal."

We are, therefore, of the opinion that defendant's complaints are not sufficient to warrant a reversal of this case.

For the reasons stated herein, the judgment and sentence of the district court of Le Flore County is affirmed.

NIX, P. J., and BUSSEY, J., concur.