Kenneth W. **PAXTON**, #74385, Petitioner,

v.

**DISTRICT COURT OF LOGAN COUNTY,** and the State of Oklahoma, Respondents.

No. A–14567.

Court of Criminal Appeals of Oklahoma.

May 8, 1968.

Kenneth W. Paxton, pro se.

G. T. Blankenship, Atty. Gen., for the State.

MEMORANDUM OPINION
and
ORDER OF DISMISSAL
WITH INSTRUCTIONS

NIX, Presiding Judge.

Whereas, this cause was commenced in this Court by the filing of an instrument,

by the petitioner, labeled "Motion for Case-made and Transcript at Public Expense". That such instrument apparently had formerly been filed in the District Court of Logan County in case #2275; and this Court has considered same as an application for a writ of mandamus.

Petitioner attached to his application a Paupers Affidavit in which he states that "he is a poor person *without funds* or property or relatives willing to assist him in paying the fees for filing the within instrument". Said affidavit was notarized, and *dated November 14, 1967*. From the Response filed by the Attorney General of the State of Oklahoma, this Court takes judicial knowledge and notice that *on November 14, 1967, this Petitioner had in his account in the Inmates Trust Fund at the Oklahoma State Penitentiary some $194.79.* This would be more than sufficient to pay the filing fees in this Court, and further, could pay a portion of the cost for a casemade.

This credit of funds to the petitioner shows that he was not an indigent in the sense that he would be entitled to a casemade at public expense—in absence of any showing that the cost of such records would exceed the amount to his credit in the trust fund account. And, further, the petitioner has already had a casemade prepared in said cause at his own expense, appeal was filed in this Court, and Affirmed on September 7, 1966, No. A–13,863, cited as Paxton v. State, Okl.Cr.App., 418 P.2d 92.

Therefore, until such time that a showing be made to this Court for what purpose petitioner desires a duplicate casemade to be furnished at state expense; and that he does not have sufficient funds to pay the filing fees in this Court, we will not consider any application from this petitioner.

It is the further order of this court that the District Attorney of Pittsburg County, Oklahoma, immediately investigate the filing of perjury charges against the petitioner, for the violation of the statutes of the State of Oklahoma, for signing under oath the paupers affidavit on November 14, 1967, as recited above.

Writ dismissed.

BUSSEY and BRETT, JJ., concur.