John V. (Jack) WAGNON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15316.

Court of Criminal Appeals of Oklahoma.
June 23, 1971.

Samuel K. Barton, Arnett, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

Plaintiff in error, John V. (Jack) Wagnon, hereinafter referred to as defendant, was charged by Information in the District Court of Roger Mills County with the crime of Larceny of Domestic Animals. Defendant was tried by a jury, which on November 6, 1968, returned a verdict finding him Guilty of the charge, and assessed his punishment at imprisonment for five (5) years in the state penitentiary. The Information was laid under the provisions of Title 21 O.S.1961, § 1716. From that judgment and sentence this appeal has been perfected.

Defendant was charged with having taken nine (9) cows and eight (8) calves, which belonged to Gerald Keahey, and selling them at the Seiling Sales Association, Inc., a public cattle auction at Seiling, Oklahoma. The sale was made in the name of Dan Hixson. At the time of trial defendant was a man seventy (70) years of age, and had been a life long resident of Ellis County, Oklahoma. Some fifteen (15) years earlier, Dan Hixson had bought and sold cattle with the defendant; but since that time, Hixson testified, he had not engaged in any cattle transactions with defendant. The defense stipulated that defendant sold nine cows and eight calves at the Seiling Sales Association, Inc., public auction; but he denied that the cows and calves were property of Mr. Keahey. However, the State proved the ownership of the cows and calves by a series of circumstances, which satisfied the jury that defendant had wrongfully taken the cattle.

The facts reveal that when the owner missed his cattle, he discovered some thirty-five feet of fence down, and he followed the cattle trail which led toward defendant's house. The trucker, who transported nine cows and eight calves to Seiling for the defendant, notified the owner that he had transported some cattle for defendant and learned that their description met the description of the cattle owned by Mr. Keahey. The evidence showed that defendant insisted that the transaction be accomplished in the name of Dan Hixson, and directed that the check be made payable to Mr. Hisxon. Further, testimony from Mr. Hixson was that he endorsed the check when presented to him by defendant, but that he had no knowledge of the transaction whatsoever. Five of the cows were found in the yards of the Swift Packing Company of Guymon, Oklahoma. They had been purchased at the Seiling Sales Association, Inc., public auction. Sheriff C. B. Bowles, testified that on June 7, 1968, with a search warrant, he, along with Perry Town and Leon Gilliland, Sheriff of Roger Mills County, went to defendant's place and searched the corral where they found eight "Bangs test tags" which corresponded with those initially put on Mr. Keahey's cows on May 23, 1968, by Clyde Bottoms, when the cattle were tested for Bangs disease. A series of logical circumstances were woven by the State which sufficiently satisfied the jury that the defendant was guilty of the charge as laid.

In his brief defendant offers three propositions. The first is that the verdict was

not sustained by sufficient evidence; and the second is "Error of law occurring at the trial and excepted to by defendant." To support his first proposition defendant cites Taylor v. State, 95 Okl.Cr. 98, 240 P. 2d 803 (1952) and Alexander v. State, Okl.Cr., 400 P.2d 458 (1965). This Court provided in the second paragraph of the Syllabus to Alexander v. State, *supra*:

"In order to support a conviction for larceny of domestic animals it is necessary to allege and prove the ownership of the animal stolen, and a felonious intent on the part of the taker to deprive the owner thereof and to convert the same to his, the taker's own use."

In response to defendant's authority, the State does not object to the foregoing statement of the law, but cites Hobbs v. State, Okl.Cr., 435 P.2d 181 (1967), which also involved larceny of a calf, wherein this Court stated:

"The Alexander case is correct, but those elements required to be proved are questions of fact for the jury to decide. It is axiomatic that intent may be inferred from the commission of the crime itself, in the absence of some evidence to the contrary. The jury had all the facts before it, had an opportunity to observe the witnesses on the stand, and concluded that the State produced sufficient evidence to prove all the elements of the offense."

With reference to defendant's citation of Taylor v. State, *supra,* this Court stated in affirming the judgment of the trial court:

"The [Court of Criminal Appeals] will not reverse a conviction upon the ground that the evidence is insufficient to sustain the same unless there is no testimony in the record from which the jury could reasonably conclude that the defendant was guilty, there being no contention that the jury was influenced by improper motives in arriving at the verdict."

With reference to defendant's second proposition concerning the introduction of the eight metal ear tags, which the Sheriff found at defendant's place, and which earlier had been placed on Mr. Keahey's cattle, we find that defendant's contention is without merit. The cattle were tested for Bangs Disease (Brucellosis), in accordance with Title 2 O.S.1961, § 6–94. The fact that the eight metal tags were placed in the right ears of Mr. Keahey's cattle on May 23, 1968, which were subsequently discovered in defendant's corral on June 7, 1968; coupled with the fact that Mr. Ralph Sharp, who was a helper for the veterinarian at Seiling, Dr. Rex Olsen, D.V.M., testified that on June 4, 1968, at the Seiling Auction he placed "Bangs test tags" in the ears of the eight cows purchased from defendant; and that he particularly remembers the eight cows because he noticed that when he put the test tags in the ears of the cattle, there was a prior fresh and sore place in the cattle's ears; all of which satisfied the jury that defendant must have removed the ear tags in his corral, prior to taking them to the Seiling Auction. Defendant cites no authority for his second proposition and this Court has stated many times that plaintiff in error must not only assert error, but must support his contentions by both argument and the citations of authorities. See: Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969).

In his third proposition defendant contends that the trial court did not properly instruct the jury and committed error in refusing to give defendant's requested instructions. We have reviewed the trial court's instructions, as a whole, and find that they properly state the law, according to the evidence produced at defendant's trial. In Grindstaff v. State, 82 Okl.Cr. 31, 165 P.2d 846 (1946), this Court said in the fifth paragraph to the Syllabus:

"Trial court has duty to instruct jury fully on all questions of law developed by the evidence but the court is not required to instruct upon some imaginary theory of defense not supported by the evidence."

Also in Murphy v. State, 79 Okl.Cr. 31, 151 P.2d 69 (1944), this Court stated:

"All of the instructions given by the court should be considered and where they fairly and fully present the issues involved, and no fundamental error occurs whereby the defendant has been prejudiced or deprived of a substantial right the case will not be reversed on appeal."

After having reviewed the trial court's instructions we are convinced that they properly state the law and no error was committed when these instructions were given to the jury.

Therefore, after having considered the records before the Court, we are of the opinion that the judgment and sentence herein should be affirmed; and it is so ordered.

■ However, due to defendant's age, it is recommended to Defense Counsel that he consider making Application to the trial court under the provisions of Title 22 O.S.Supp.1965, § 994, wherein it provides Application may be made to the trial court for a suspension of sentence after appeal.

BUSSEY, P. J., and NIX, J., concur.