Charles R. **BELLOWS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–75–560.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1976.

Jack M. Annis, Annis & Moore, Woodward, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Charles R. Bellows, hereinafter referred to as defendant was charged, tried jointly with his co-defendant Calvin Bellows before a jury, and convicted of the crime of Larceny of Domestic Animals in the District Court of Woodward County, Oklahoma, Case No. CRF–74–50. Punishment was assessed at a term of three (3) years under the direction and control of the Department of Corrections of the State

of Oklahoma. From a judgment and sentence in conformance with the verdict the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: Frank Bellows, brother of the defendant and cousin of the co-defendant Calvin Bellows, testified that on or about the 26th day of August, 1974, he and the defendant had a conversation which he related as follows:

"Q. Okay. Will you tell the Jury and the Court what that conversation was?

A. Well, he wanted a Hundred Dollars. I told him I didn't have a Hundred Dollars and he said, 'I will steal a calf.' He said, 'Get her.' He said, 'In fact, I will just get some guys and steal and wipe you out; get a bunch and wipe you out.'

Q. Okay. Now who made this statement to you?

A. Charles Bellows."

The witness then testified that on said date two bulls were stolen from the feed pen on his property in Woodward County. He described the animals in particularity and stated that he gave no one permission to take the animals or to sell them. He further stated that the defendant had worked for him off and on for about fifteen years, that his brother had sold cattle for him in the past and that he had always received the proceeds. The witness further stated that, although he now wished to dismiss charges against his brother, he had voluntarily signed the information and that the cattle had in fact been stolen.

Robert F. McClung testified that on the 26th day of August, 1974, he bought two bulls. He identified the check which he had written and given to the co-defendant Calvin Bellows and stated that the defendant was with Calvin Bellows although the defendant said nothing. No mention was made by either of the co-defendants concerning the cattle being owned by Frank Bellows. Mr. McClung's son then testified and his testimony was essentially the same

as his father's. After the Sheriff of Woodward County testified concerning his investigation, the State rested. The defense rested without presenting any evidence.

The defendant's two assignments of error contend essentially that the evidence presented at trial was insufficient to support the conviction of the defendant. We disagree.

 In *Alexander v. State*, Okl.Cr., 400 P.2d 458, this Court held that in order to support a conviction for larceny of domestic animals it is necessary to prove the ownership of the animals stolen and the felonious intent on the part of the taker to deprive the owner thereof and to convert the same to his own use. In *Hobbs v. State*, Okl.Cr., 435 P.2d 181, we further held that intent may be inferred from the commission of the crime itself and the absence of some evidence to the contrary. In the instant case the intent of the defendant is clearly shown by his threat to his brother on the day of the theft.

 Although much of the evidence is circumstantial, this Court has often held that a criminal case may be proven circumstantially, and reasonable inferences drawn therefrom have the same probative effect as direct testimony. Circumstantial evidence need not exclude every hypothesis or negate any possibility other than guilt. It is the exclusive province of the jury to weigh the evidence and determine the facts; and where there is competent evidence from which the jury might reasonably conclude the defendant is guilty the case will not be reversed on appeal on a contention that the evidence is not sufficient. *Logan v. State*, Okl.Cr., 493 P.2d 842.

 In the instant case it is our opinion that there was sufficient evidence presented to the jury to support the conviction. The jury resolved the questions of fact against the defendant. The defendant's assignments of error are without merit. After a thorough examination of

the record before us, it is the opinion of this Court that the defendant received a fair and impartial trial before a jury, that no substantial right of the defendant was prejudiced and that the judgment and sentence appealed from should be and the same is hereby *affirmed*. The trial court's attention is called, however, to the provisions of 22 O.S.1971, § 994 concerning the suspension of sentences, in whole or in part, after a conviction is affirmed.

BRETT, P. J., and BUSSEY, J., concur.