**Mose Alvin ELLIS, a/k/a Kirk Ellis, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–752.**

Court of Criminal Appeals of Oklahoma.

March 19, 1982.

James P. Garrett, Garrett & Salter, Mangum, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellant Criminal Division, State of Oklahoma, Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

On appeal from his conviction of Larceny of a Domestic Animal, in Kiowa County District Court, Case No. CRF–79–54, the appellant, in his single assignment of error, argues that the evidence was insufficient to sustain the verdict and that the trial court erred in failing to instruct the jury to acquit him.

On November 12, 1979, Richard Owens, the complaining witness, noticed that one of his newborn calves, a black baldy bull, was missing. Three (3) days later his son, Ray, observed a calf fitting the description of the missing calf, secreted in a shed with five (5) other calves on an adjoining neighbor's property. He notified the Sheriff's office, and the calves were transported to a storage barn pending further investigation. Jane Smith, the neighbor, testified that all the calves were the appellant's, who was residing with her, and that the shed was the property of a tenant who leased her land.

The following day, Kiowa County Undersheriff, Harlan Ross, took the calf in question to the Owens' pasture. The calf attempted to suckle several cows but was

rebuffed. Then the mother cow came running across the open field bawling; she immediately licked the calf and without hesitation allowed it to nurse.[1] According to the uncontroverted expert testimony of lifelong cattlemen who testified at trial, these actions of claiming a calf by a cow in an open field constitute the accepted test for determining maternal lineage.

Taking the stand in his own defense, the appellant testified that he purchased the calf from a friend. He further testified that at all times he had a sales slip to prove this purchase, but until trial never mentioned it to anyone. Leon Owens testified that on October 23, 1979, he sold a black, white-faced bull calf to the appellant.

Although the evidence in this case is wholly circumstantial it has established a prima facie case. See, *Hobbs v. State*, 435 P.2d 181 (Okl.Cr.1967). And this Court has often held that a criminal case may be proven circumstantially, and reasonable inferences drawn therefrom will have the same probative effect as direct testimony. *Young v. State*, 373 P.2d 273 (Okl.Cr.1962).

Further, in *Hobbs*, supra, quoting from *Goodnight v. State*, 366 P.2d 957 (Okl.Cr. 1961), the court stated:

This court has been consistent in its holdings that though there may be a conflict in the testimony it is the province of the jury to weigh the testimony and ferret out the truth and where there is competent evidence upon which the jury could base their verdict it will not be disturbed on appeal.

In addition, in *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980), this Court held that once the State has established a prima facie case, as it has done here, then all evidence will be viewed in the light most favorable to the State. The trial court properly denied the appellant's motion for a directed verdict. This assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.

---

1. The following colloquy occurred at trial between the prosecutor and Mr. Owens:

   A. ... [S]o he went to the pickup and got the rope out and went and put the rope around this calf's neck and opened the tail gate and unloaded the calf. The cows come up around there, you know, and there was one cow come up and smelled and the calf tried to suck her and she kicked it off, and here come another cow just a bawling right up to it and licked the calf and let it suck.
   Q. And that's how you determine if that is the calf that is missing from your pasture, is that correct?
   A. Yes, by the mother.