**George E. CHATFIELD,
Plaintiff-Appellant,**

v.

**James G. RICKETTS and J.D. MacFarlane, Defendants-Appellees.**

**No. 81–1096.**

United States Court of Appeals,
Tenth Circuit.

March 25, 1982.

we have entered into the following agreements which we are submitting for filing at this time . . . ."
App., vol. II, at 125–28.

Michael G. Katz, Federal Public Defender, and Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo., for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., and Susan P. Mele, Asst. Atty. Gen., the State of Colorado, Denver, Colo., for defendants-appellees.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.

George E. Chatfield appeals from a district court order dismissing his petition for writ of habeas corpus. In August 1977 a jury found Chatfield guilty of three charges, but was unable to reach a verdict on the separate counts of first-degree kidnapping and violent crime. Thereafter, Chatfield was retried on the kidnapping and violent crime counts. The jury found him guilty of first-degree kidnapping, but not guilty of violent crime. On this habeas corpus appeal, the issues are whether the Double Jeopardy Clause prohibited retrying Chatfield and whether the evidence was sufficient to sustain the first-degree kidnapping conviction.

The essential facts are not disputed. On September 7, 1976, Chatfield and another individual, James Pardue, unsuccessfully attempted to rob the First Westland National Bank in Lakewood, Colorado. During their escape, they came upon a woman loading her car with groceries and at gunpoint forced her to enter her car with them and give them her keys. Pardue then drove the car several blocks before releasing the woman when it appeared the police were not pursuing them.

Chatfield was later arrested and tried on five separate counts in a Colorado state court. The jury found Chatfield guilty of conspiracy to commit aggravated robbery, attempted aggravated robbery, and felony menacing. The jury could not reach a verdict on the first-degree kidnapping and violent crime charges, and the trial court declared a mistrial as to those counts. The trial court subsequently granted the state's

motion to dismiss the remaining two counts, but when the state later moved to have the charges reinstated the court granted the motion. After a second trial a jury found Chatfield guilty of first-degree kidnapping, but not guilty of violent crime.

Chatfield argues that the trial court violated the Double Jeopardy Clause by permitting the state to retry him for the first-degree kidnapping and violent crime counts after previously dismissing those counts at the state's request. In *United States v. Sanford*, 429 U.S. 14, 97 S.Ct. 20, 50 L.Ed.2d 17 (1976), the Supreme Court addressed a similar question. After a mistrial because of a hung jury, the trial court granted the defendant's motion to dismiss the charges. The government appealed from the trial court's dismissal. The Supreme Court held that the Double Jeopardy Clause did not bar the government from appealing the trial court's dismissal and, if successful, from retrying Sanford.

■ In the instant case the state, not the defendant, moved for dismissal after the trial court declared a mistrial. This factor does not distinguish *Sanford* from the instant case. In *Sanford, id.* at 16, 97 S.Ct. at 21, the Court stated that its decision was governed by *Serfass v. United States*, 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265 (1975), which held that the Double Jeopardy Clause does not bar the government from appealing a pretrial order dismissing an indictment, since the defendant has not yet been "put to trial before the trier of facts." The *Sanford* court obviously concluded that since the government has a right to retry the defendant following a mistrial because of a hung jury, the period following the mistrial is a pretrial period. During the pretrial period, a prosecutor may dismiss charges, and the Double Jeopardy Clause does not prohibit the prosecutor from reasserting the same charges at a later date. *Bassing v. Cady*, 208 U.S. 386, 28 S.Ct. 392, 52 L.Ed. 540 (1908); *Arnold v. McCarthy*, 566 F.2d 1377, 1388 (9th Cir. 1978).

■ Chatfield next contends that the evidence was insufficient to support his conviction for first-degree kidnapping. In federal habeas corpus proceedings, when a criminal defendant challenges his state conviction on sufficiency of the evidence grounds, the defendant is entitled to habeas corpus relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979). Colorado's first-degree kidnapping statute, Colo.Rev.Stat. § 18–3–301(1)(a), provides in pertinent part:

(1) Any person who does any of the following acts with the intent thereby to force the victim or any other person to make any concession or give up anything of value in order to secure a release of a person under the offender's actual or apparent control commits first-degree kidnapping:

(a) Forcibly seizes and carries any person from one place to another.

Based on our consideration of the record, we believe a rational trier of fact could conclude that Chatfield and Pardue had "forcibly seized and carried" the woman several blocks, while intending to force the police to permit them to get away.

AFFIRMED.