936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Booker T. SHEPHARD, Petitioner-Appellant,
v.
Ron CHAMPION, Warden, Attorney General, for the State of
Oklahoma, Respondent-Appellee.
 No. 91-5005.
 United States Court of Appeals, Tenth Circuit.
 June 11, 1991.
 
 Before MCKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Petitioner Booker T. Shephard was convicted in Oklahoma of stealing cattle (Larceny of Domestic Animals, After Former Conviction of Two or More Felonies, 21 Okl.St.Ann. Secs. 1716, 51(b)) and sentenced to a fifty-year prison term. After appealing his conviction and pursuing state post-conviction relief in the Oklahoma courts, petitioner sought federal habeas corpus relief in the United States District Court for the Northern District of Oklahoma. The district court, following the recommendations of the United States Magistrate, denied petitioner's request for habeas relief. Petitioner now appeals that ruling and raises three issues for review. Specifically, he asserts (1) that the trial court's failure to instruct the jury on the element of "felonious intent" amounted to a violation of due process; (2) that there was insufficient evidence on which to convict him of the crime of "Larceny of Domestic Animals;" and (3) that the evidence found inside petitioner's home was taken in violation of his Fourth and Fourteenth Amendment rights and should have been suppressed. We grant petitioner's motion to proceed in forma pauperis and note that the district court has already issued a certificate of probable cause as required by 28 U.S.C. Sec. 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure. On the merits, we reverse and remand the district court's ruling on issue 1, and affirm the district court's ruling on issues 2 and 3.
 
 CRIMINAL INTENT JURY INSTRUCTION
 
 3
 Petitioner contends that he was deprived of a fair trial when the trial court failed to instruct the jury on the definition of "felonious intent." According to petitioner, "felonious intent" is "an essential element of [the] offense [of] Larceny of Domestic [A]nimals" and the trial court's omission effectively denied him of due process. App.Br. at 2. The federal district court rejected this assertion and adopted the magistrate's conclusion that "[p]etitioner has not shown fundamental unfairness" as required under Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980). Report and Recommendation of U.S. Magistrate at 2.
 
 
 4
 Although we agree with the general proposition that "[h]abeas corpus is not available to set aside a conviction on the basis of erroneous jury instructions unless the error has such an effect on the trial that it is rendered fundamentally unfair," id., we find that the district court overlooked the ruling and reasoning of this court's opinion in Rael v. Sullivan, 918 F.2d 874, 875 (10th Cir.1990), cert. denied, 111 S.Ct. 1328 (1991). In that case, we specifically held that "a complete failure to instruct on an essential element of an offense violates the right to due process." Id. We noted that such a decision is but a "logical application of the rule of In re Winship, [397 U.S. 358 (1970),] requiring proof beyond a reasonable doubt of all acts necessary to constitute the offense." Id. See also Patterson v. New York, 432 U.S. 197, 210 (1977) (prosecution must prove beyond a reasonable doubt all of the elements included in the definition of the offense).[1]
 
 
 5
 In the case at hand, petitioner maintains that (1) "felonious intent" is an essential element of the offense for which he was convicted, and (2) the trial court completely failed to instruct the jury on that element of the crime. If these allegations are true, then appellant has indeed been denied his rights to due process as contemplated by Winship. With regard to the first of these assertions, there can be no doubt that felonious intent is indeed an essential element of the offense of Larceny of Domestic Animals. See Bellows v. State, 545 P.2d 1303 (Okla.1976). Petitioner's second point, however, is more problematic. Unfortunately, neither the district court nor the magistrate made a specific inquiry into whether the trial court did in fact overlook the felonious intent element of the crime. Moreover, the record on appeal provides little with which to resolve the issue. Interestingly, the appellees do not dispute these assertions; they merely argue that Brinlee is dispositive in resolving the issue. We therefore find it necessary to remand to the trial court for a factual determination of whether the trial court completely failed to instruct the jury on that element of the crime.[2]
 
 
 6
 In addition, we note that neither the federal district court nor the magistrate seems to have recognized that this claim was held to be procedurally barred by the Oklahoma Court of Criminal Appeals.[3] Under the rule of Harris v. Reed, 489 U.S. 255, 262 (1989), a claim held to be procedurally barred by a state court may not be reviewed by a federal habeas court unless "the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto' ... or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.' " The federal district court here did not engage in such a "cause and prejudice" analysis, and while it might be possible to characterize the district court's finding of "no fundamental unfairness" as a finding of "no prejudice," we have already acknowledged the possibility that that finding was erroneous. We therefore remand this issue to the district court for a proper application of the "cause and prejudice" test.[4]
 
 INSUFFICIENCY OF THE EVIDENCE
 
 7
 Appellant contends that there was insufficient evidence from which a jury could convict him in the state court proceeding. The federal magistrate dismissed this assertion, noting that "such a challenge ... raises no federal constitutional question and cannot be considered in federal habeas corpus proceedings." Report and Recommendation of U.S. Magistrate at 4.
 
 
 8
 We agree with petitioner that the case cited by the magistrate for this proposition, Sinclair v. Turner, 447 F.2d 1158, 1161 (10th Cir.1971), cert. denied, 405 U.S. 1048 (1972), has been outdated by the Supreme Court's holding in Jackson v. Virginia, 443 U.S. 307 (1979) and the Tenth Circuit case of Chatfield v. Ricketts, 673 F.2d 330 (10th Cir.1982). According to those cases, "a state prisoner who alleges that [there was insufficient] evidence in support of his state conviction ... has stated a federal constitutional claim." Jackson, 443 U.S. at 321 (emphasis added). Such a petitioner is entitled to federal habeas relief if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Chatfield, 673 F.2d at 332.
 
 
 9
 The district court made no inquiry as to whether a "rational trier of fact could have found proof of guilt beyond a reasonable doubt." However, in its discussion of petitioner's ineffective assistance of counsel claims (not raised on appeal), the magistrate did recite the evidence presented at trial and concluded that it was sufficiently strong to defeat any claim of prejudice raised by petitioner.[5] We accept that as a judgment that there was more than sufficient evidence in the record to sustain the petitioner's conviction. As we find nothing in the record on appeal to undermine that conclusion, we must reject petitioner's claim of insufficient evidence. We accordingly affirm the district court on this issue.
 
 FOURTH AMENDMENT CLAIMS
 
 10
 Petitioner finally contends that the search and seizure of his person and apartment where the butchered remains of one of the stolen cattle was found was violative of the Fourth and Fourteenth Amendments. The federal district court, following the recommendation of the magistrate, rejected this assertion. We agree.
 
 
 11
 According to the Supreme Court's opinion in Stone v. Powell, 428 U.S. 465, 494 (1976), a state prisoner asserting an unconstitutional search and seizure may not be granted federal habeas relief "where the State has provided an opportunity for full and fair consideration of a Fourth Amendment claim." Here, the trial court granted petitioner an in camera hearing at which it concluded that the evidence was admissible. On appeal, the Oklahoma Court of Criminal Appeals revisited this issue and affirmed the district court's admission of the evidence. Since the State has provided petitioner with a full and fair consideration of petitioner's Fourth Amendment claims, it was proper for the federal district court to deny this claim for habeas corpus relief.
 
 CONCLUSION
 
 12
 We REVERSE the district court's resolution on issue 1 and REMAND for further findings consistent with this order. We AFFIRM the district court's resolution of issues 2 and 3.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although the ruling in Rael was handed down October 29, 1990--almost six years after petitioner's state court trial--that ruling was but "a logical application of" Winship and Patterson. As such, it does not present a Teague v. Lane, 489 U.S. 288 (1989), problem
 
 
 [2]
 We note in passing that Oklahoma does not require the inclusion of an instruction on "felonious intent" where words of equivalent meaning are used. Cawley v. State, 248 P.2d 273 (1952) (omission of the word "felonious" from instruction defining larceny is not fatal if words of equivalent meaning--such as "steal"--are used); McDaniels v. State, 139 P.2d 191 (1943) (in prosecution for larceny of livestock, refusal of instruction that state was required to prove felonious intent, and giving of instruction to convict on finding that the accused did "steal" livestock, was sufficient for proving all elements of the crime.). Since the record on appeal does not include the trial court's jury instructions, and since there is nothing in the federal district court's order or magistrate's recommendation to suggest that the propriety of the jury instruction was considered below, we find it necessary to remand this issue for further consideration
 
 
 [3]
 Petitioner failed to pursue this jury instruction issue at trial, on appeal, and on his first petition for state habeas relief. He did, however, raise this claim in a subsequent petition for state habeas relief. The state district court denied the petition, and the Court of Criminal Appeals affirmed. In its Order Denying Post-Conviction Application, December 1, 1989, the Court of Criminal Appeals stated that "all of the matters raised in this post-conviction application were either considered on direct appeal or should have been raised. We therefore find no error in the denial of post-conviction relief by the trial court." This statement of procedural bar meets the "plain statement" rule set forth in Harris v. Reed, 489 U.S. 255, 261 (1989)
 
 
 [4]
 Petitioner maintains that he was prevented from raising this claim at trial and on direct appeal due to incompetent trial and appellate counsel. Although the district court addressed other claims of ineffective assistance of counsel raised by appellant, it did not specifically address whether counsel's failure to challenge on this issue amounted to ineffective assistance of counsel
 
 
 [5]
 The magistrate specifically found that:
 The evidence presented at trial of stolen cattle found at the stockyards and sold by petitioner, the drive-in slips naming him as owner of the cattle to assure he would get the sale proceeds, the discovery of newly-slaughtered quarters of beef in petitioner's garage and a cow's head in his sink, and the impeachment of petitioner's testimony at trial offered strong proof of petitioner's guilt.... The Magistrate cannot conclude that, had his attorney performed as petitioner suggests, the outcome would have been different.
 Report and Recommendation of U.S. Magistrate at 4.