936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
George E. CHATFIELD, Petitioner-Appellant,
v.
Benny JOHNSON, Attorney General for the State of Colorado,
and Lou Hesse, Respondents-Appellees.
 Nos. 90-1170, 90-1171.
 United States Court of Appeals, Tenth Circuit.
 June 13, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, George E. Chatfield, appeals from the district court's denial of his petitions for writ of habeas corpus of May 29, 1990, and July 10, 1990. Mr. Chatfield acknowledges that the two petitions concern the same issues, and we will treat them here as one.
 
 
 3
 The district court denied Mr. Chatfield's petition for failure to exhaust state remedies. Petitioner has the burden of demonstrating that state remedies have been exhausted, Clonce v. Presley, 640 F.2d 271, 273 (10th Cir.1981), and he has attempted to meet this burden by insisting repeatedly that he has exhausted state remedies without specifying how each claim was exhausted.
 
 
 4
 While it may be true that he has exhausted state remedies for many of the claims he has advanced in previous habeas corpus actions or in the appeal of his conviction, he is unable to point to exhaustion of state remedies for the claims advanced in the present petition. In fact, he admits in one of his many motions submitted with his petition that he has purposely not exhausted ground four of his complaint, which ironically asserts that Colorado state courts are denying him access. Form XB-2, Petition for Writ of Habeas Corpus, March 27, 1990, at 15. In addition, Mr. Chatfield advances claims that have been fully adjudicated both in state and federal court. Compare ground two of his petition with Chatfield v. Ricketts, 673 F.2d 330 (10th Cir.), cert. denied, 459 U.S. 843 (1982).
 
 
 5
 Since Mr. Chatfield has not met his burden of demonstrating exhaustion of state remedies on at least one of the grounds of his habeas corpus petition, his petition must be denied. Rose v. Lundy, 455 U.S. 509, 522 (1982). In addition, Mr. Chatfield is attempting to raise issues arising from his conviction that have long since been settled by this court. Chatfield v. Ricketts, 673 F.2d 330 (10th Cir.), cert. denied, 459 U.S. 843 (1982). The mandate shall issue forthwith.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3