**The STATE of Ohio, Appellee,**

v.

**JOHNSON, Appellant.**

[Cite as *State v. Johnson* (1990), 68 Ohio App.3d 272.]

Court of Appeals of Ohio,
Lorain County.

Nos. 89CA004688, 89CA004689.

Decided June 27, 1990.

*Gregory A. White*, Prosecuting Attorney, for appellee.
*John Ricotta*, for appellant.

REECE, Presiding Judge.

In May 1988, Tracy W. reported to police that she had been raped by her former stepfather, Ronald Ray Johnson, Sr., during the period of May 23–26, 1986, at his house in Sheffield Lake, Lorain County, Ohio. The Lorain County Prosecutor subsequently presented evidence to the grand jury, which returned a single-count indictment against Johnson on May 10, 1988, charging him with a violation of R.C. 2907.02(A)(2) (case No. 88CRO35880). On October 4, 1988, the grand jury returned a second indictment against Johnson, identical to the May 10, 1988 indictment, and including a violation of R.C. 2907.02(A)(1)(a) (case No. 88CRO36557).

The case proceeded to trial on both indictments on May 15, 1989. During *voir dire*, the prosecutor informed the court that he intended to proceed only on the second indictment, 88CRO36557, and would dismiss 88CRO35880. The court journalized dismissal of this indictment on May 19, 1989. Trial proceeded, and the judge instructed the jury on May 17. At 3:15 p.m. on May 18, the jury informed the court that they could not reach a decision. The court offered further instruction and the jury returned to deliberate, only to report at 4:40 p.m. that they were still dead-locked. At this point the court discharged the jury and reset the case for trial.

On August 8, 1989, the grand jury returned a third indictment against Johnson, charging one count pursuant to R.C. 2907.02(A)(2), with one specification of a prior felony conviction, and one count pursuant to R.C. 2907.-02(A)(1)(a) and/or 2907.02(A)(2), with one specification of a prior felony conviction (case No. 89CRO37616). On October 16, 1989, the court journalized an entry dismissing the indictments in case Nos. 88CRO35880 and 88CRO36557, at the state's request.

On October 17, 1989, the grand jury returned a fourth indictment essentially identical to the third, but adding a second conviction to each prior felony specification. A third count, pursuant to R.C. 2923.13(A)(2), having a weapon while under disability, with two specifications thereto, was added, based upon Johnson's trial testimony (case No. 89CRO37861).

The case was set for trial on November 1, 1989. On October 31, 1989, Johnson filed motions to sever the third count of the indictment from the other two, and to dismiss on double jeopardy grounds the two remaining counts charging rape. On November 1, 1989, prior to *voir dire*, the court entertained arguments on Johnson's motions.

The transcript of proceedings indicates that the court granted the motion to sever the counts of the indictment, but did not journalize this decision. Curiously, the record contains two journal entries relating to the double jeopardy issue. The first, time-stamped at 11:37 a.m., November 1, 1989, states:

"This matter came to be heard upon defendants [*sic*] Motion to Dismiss on Double Jeopardy Grounds. For good cause shown, defendants [*sic*] Motion to Dismiss is denied."

This journal entry was signed by the trial judge, and referenced case Nos. 89CRO37616 and 89CRO37861. The second entry, time-stamped at 11:39 a.m., November 1, 1989, states:

"The court having reviewed the record, finds that the defendant's motion to dismiss because of the defendant having been placed in double jeopardy is a

frivolous motion, and if the defendant elects to appeal this ruling, that because the motion has been found to be frivolous, this court is not divested by [*sic*] jurisdiction to proceed to trial on the case."

This journal entry was also signed by the trial judge, but referenced case Nos. 89CRO36557 and 89CRO37861.

Thereafter, the trial court noted its intention to proceed to try the case. Johnson objected, arguing that the court's denial of his motion to dismiss was a final appealable order. When the court ordered Johnson's counsel to proceed, he refused, and requested that the court journalize its denial of the motion to dismiss so that he could file a notice of appeal. Returning after a short recess, the court again ordered Johnson's counsel to proceed, which he again refused to do, stating that he had filed a notice of appeal, and that the trial court no longer had jurisdiction to continue. The court disagreed, and upon counsel's continued refusal to go forward, found him in contempt, fined him $500, and sentenced him to ten days in jail. The court suspended the term of incarceration and set bail upon counsel's request. Counsel filed a notice of appeal upon the contempt finding.

Johnson appeals, asserting five assignments of error:

### Assignments of Error

"I. The trial court committed prejudicial error by not dismissing the present indictments because proceeding to trial after the First Indictment (88 CRO 35880) had been nolled violated Mr. Johnson's double jeopardy rights under the United States and Ohio Constitutions.

"II. The trial court committed prejudicial error by not dismissing the present indictments because proceeding to trial after the Second Indictment (88 CRO 36557) had been nolled violated Mr. Johnson's double jeopardy rights under the United States and Ohio Constitutions.

"III. The trial court committed prejudicial error by not dismissing the present indictments on the basis of the double jeopardy clauses of the Ohio and United States Constitutions, in that the prematurely declared mistrial of May, 1989, terminated that case and precludes reprosecution.

"IV. In the alternative, the trial court committed prejudicial error by ruling that Mr. Johnson may be prosecuted for additional and greater offenses of rape after he had once been tried for rape under R.C. 2907.02. In other words once the state has tried an individual for an offense, it may not retry him for greater offenses arising from the same set of facts."

Because these assignments of error are intertwined, they are addressed together. Johnson argues that the trial court erred by not dismissing the third and fourth indictments following the court's *nolle prosequi* of the first

and second indictments, and that the trial court erred by prematurely dismissing the jury during trial on the second indictment. We address the latter contention first.

The bar of double jeopardy generally does not attach when a jury fails to agree upon a verdict. *United States v. Sanford* (1976), 429 U.S. 14, 97 S.Ct. 20, 50 L.Ed.2d 17; *Green v. United States* (1957), 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199; and *United States v. Perez* (1824), 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165. Thus, when a jury is "hung," there exists a manifest need to declare a mistrial. *Ohio v. Johnson* (1984), 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425; see, also, *Richardson v. United States* (1984), 468 U.S. 317, 323–325, 104 S.Ct. 3081, 3085–3086, 82 L.Ed.2d 242, 249–250; *Wadsworth v. Gairing* (1987), 41 Ohio App.3d 126, 534 N.E.2d 917; and *State v. Davidson* (June 22, 1983), Hamilton App. Nos. C–820647, C–820677 and C–820678, unreported, 1983 WL 8912. The trial court is vested with broad discretion to determine the manifest necessity to declare a mistrial. *Arizona v. Washington* (1978), 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717.

Presentation of the case lasted less than two days. The jury deliberated for more than one day before reporting that they could not reach a unanimous verdict. The court instructed the jury further, but they returned in less than an hour, asserting that they were deadlocked. Our review of these proceedings, and the court's discharge of the jury and resetting of the case for trial, reveals no abuse of discretion. Johnson's third error assigned is overruled.

Johnson claims error in the trial court's failure to dismiss the third and fourth indictments, on double jeopardy grounds, based upon the prosecutor's request, and the court's acceptance, to *nolle prosequi* the first two indictments. Reviewing the facts, the prosecutor requested *nolle* of the first indictment during *voir dire*, stating: "Before proceeding, I will dismiss the first indictment, the earlier one, and just proceed on the second one. It was a reindictment, your honor." The court granted leave for the *nolle*, which was journalized on May 19, 1989. On August 8, the third indictment was issued. On October 16, the state requested *nolle* of the second indictment; a journal entry of the same date approved this *nolle*, and restated the *nolle* of the first indictment. On October 17, the fourth indictment was issued.

The state requested dismissal of the first indictment prior to the jury being sworn, to which Johnson did not object, and which the court approved. Under R.C. 2941.33:

"The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court."

Likewise, Crim.R. 48(A) provides that "the state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint * * *." Thus, where a *nolle prosequi* is entered before a jury is sworn, a defendant has not been placed in jeopardy, and another prosecution for the same offense is permissible. *Sander v. Ohio* (S.D.Ohio 1973), 365 F.Supp. 1251, 70 O.O.2d 418. In addition, an effective *nolle prosequi* need only be approved by the court pursuant to R.C. 2941.33 and Crim.R. 48(A), as was done here. Accordingly, the state effectively dismissed the first indictment, with the court's approval, prior to the attachment of jeopardy, and proceeding upon the second indictment was proper.

█ Following the mistrial on the second indictment, a third indictment issued, containing two rape counts, with prior felony specifications, arising from the same facts as the first and second indictments. The state then sought leave of the court to dismiss the second indictment, which the court granted. The following day a fourth indictment issued, restating the two rape counts of the third, adding a felony conviction to the prior felony specifications, and adding a third count alleging violation of R.C. 2923.13(A)(2), with two specifications.

Johnson argues that the state's dismissal of the second indictment, following mistrial, acts as a bar to further prosecution for the same transaction or occurrence. We disagree.

In *Chatfield v. Ricketts* (C.A.10, 1982), 673 F.2d 330, certiorari denied (1982), 459 U.S. 843, 103 S.Ct. 96, 74 L.Ed.2d 88, the defendant was tried on five separate counts, the jury could not reach a verdict on two counts, and the trial court declared a mistrial as to those counts. The trial court granted the prosecution's motion to dismiss the remaining two counts, then later reinstated the charges on the prosecutor's motion. The federal appellate court, considering the period following a mistrial as a pretrial period, determined that "the double jeopardy clause [Fifth Amendment to the United States Constitution] does not prohibit the prosecutor from reasserting the same charges [previously dismissed] at a later date." *Id.* at 332.

In *State v. Brown* (Mar. 17, 1989), Erie App. No. E–88–13, unreported, 1989 WL 25542, the state entered a *nolle prosequi* to the second count of an indictment four months after the court declared a mistrial due to the jury's inability to return a verdict, then later included the same count in a new indictment issued against the defendant. The defendant argued that the state's *nolle* of the count following mistrial acted as a bar to further prosecution. The appellate court, rejecting this contention, cited *Chatfield, supra,* for the proposition that a *nolle prosequi* entered during a pretrial period does not bar the state from prosecuting the defendant upon the same

charge, even where that charge is included in a new indictment. The *Brown* court's reasoning finds its basis in *Richardson v. United States, supra,* 468 U.S. 317, 325–326, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242, 250–251, where the United States Supreme Court stated that the failure of a jury to reach a verdict, and the trial court's declaration of a mistrial thereby, is not an event which terminates the original jeopardy to which a defendant is subjected.

■ The prior felony specifications charged in the third and fourth indictments are also preserved and permitted with respect to the charges Johnson will face on remand. They were specifically included by the grand jury pursuant to R.C. 2941.142. See *State v. Dilley* (1989), 47 Ohio St.3d 20, 546 N.E.2d 937. Those specifications do not subject Johnson to new or greater charges, as he argues, but rather to an enhanced penalty based upon his prior felony convictions. *State v. Allen* (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199.

Treating the period following the trial court's declaration of mistrial in the case *sub judice* as a pretrial period, and embracing the analysis in *Richardson, Brown,* and *Chatfield, supra,* we find no error in the court's refusal to dismiss the third and fourth indictments. Johnson's first, second and fourth errors assigned are overruled.

## Assignment of Error V

"The trial court committed prejudicial error by holding Mr. Ricotta in contempt because he would not waive his client's double jeopardy rights under the Fifth Amendment of the United States Constitution and the Ohio Constitution."

■ The interlocutory nature of this appeal limits the issues to those relating directly to the narrow confines of double jeopardy analysis. See *State v. Thomas* (1980), 61 Ohio St.2d 254, 15 O.O.3d 262, 400 N.E.2d 897, paragraph one of the syllabus. Accordingly, the trial court's finding of contempt against Johnson's counsel is not a final appealable order subject to our immediate review. The fifth error assigned is not well taken.

Based upon the foregoing, this cause is affirmed, and the case is remanded to the trial court for further proceedings.

*Judgment accordingly.*

BAIRD and CACIOPPO, JJ., concur.