35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald R. JOHNSON, Petitioner-Appellant,
v.
Dennis BAKER, Respondent-Appellee.
 No. 93-4057.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1994.
 
 Before: KENNEDY and SILER, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Ronald R. Johnson appeals the denial of his petition for a writ of habeas corpus. Johnson argues that his double jeopardy rights were violated when he was subjected to a second trial and that his due process rights were violated by the trial court's issuance of defective jury instructions and erroneous evidentiary rulings. We affirm.
 
 
 2
 Id.
 
 
 3
 Tracy Williamson alleged that she was raped by Johnson, her former stepfather, between May 23 and May 26, 1986. In May 1988, Johnson was indicted on one count of rape under Ohio Rev.Code Sec. 2907.02(A)(2). In October 1988, the grand jury returned a second indictment dealing with the same incident, charging Johnson with one count of rape under Ohio Rev.Code. Sec. 2907.02(A)(1)(a) and/or Sec. 2907.02(A)(2).[1] Johnson's case went to trial on both indictments on May 15, 1989. However, during voir dire, the prosecutor told the court that he intended to dismiss the first indictment through a nolle prosequi and proceed only on the second indictment. The trial court immediately approved the nol pros but the dismissal was not journalized until May 19, 1989. In the meantime, the jury deadlocked and the case was reset for trial.
 
 
 4
 In August 1989, the Lorain County grand jury returned a third indictment against Johnson, adding a second count of rape, under Sec. 2907.02(A)(2), and a prior-felony specification to the rape counts. On October 16, 1989, an entry dismissing the first and second indictments was journalized.[2] On October 17, 1989, the grand jury returned a fourth and final indictment. This indictment was identical to the third, except that it added a weapons count and a second prior-felony specification. Johnson filed a motion to dismiss on double jeopardy grounds. The trial court denied the motion and attempted to proceed to trial, but the defendant appealed. On June 27, 1990, the Ohio Court of Appeals affirmed and remanded for trial. The Ohio Supreme Court declined jurisdiction. Johnson was tried and convicted in December 1990, on two counts of rape and was sentenced to 10-25 years incarceration. After a direct appeal, Johnson filed a petition for a writ of habeas corpus, which the district court denied on September 13, 1993.
 
 II.
 
 5
 A. Double jeopardy.
 
 
 6
 Johnson argues that his double jeopardy rights were violated when he was subjected to a second trial. He asserts that retrial of charges in the dismissed indictment was impermissible because the nolle prosequi was journalized after the jury in his first trial was empaneled (i.e., after jeopardy attached). However, the Ohio Court of Appeals rejected Johnson's argument, holding that "an effective nolle prosequi need only be approved by the court pursuant to [Ohio Rev.Code Sec.] 2941.33 and [Ohio R.Crim.P.] 48(A)" to be effective and that a defendant is not placed in jeopardy where a nolle prosequi is entered before a jury is sworn.[3] State v. Johnson, 588 N.E.2d 224, 227 (Ohio Ct.App.1990). Johnson's second prosecution was permissible because the trial court approved the dismissal of the first indictment before jeopardy attached in the first trial. See id. Johnson argues that the court of appeals disregarded state law in so deciding. However, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (internal quotation omitted). Johnson's argument must be rejected in any event because, even if he could show an error of state law, he demonstrates no federal constitutional error carrying a "substantial and injurious effect or influence in determining the jury's verdict" such that it resulted in actual prejudice. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993) (internal quotation omitted). Thus, any error of state law was harmless.
 
 
 7
 B. The "on or about" jury instruction.
 
 
 8
 Next, Johnson argues that his due process rights were violated when the trial court issued an "on or about" jury instruction.[4] Once again, habeas relief is generally unavailable to redress errors of state law, Estelle, 112 S.Ct. at 480, and a petitioner must demonstrate the existence of a federal constitutional error resulting in actual prejudice in order to obtain habeas relief, see Brecht, 113 S.Ct. at 1722. This court has stated, in a federal criminal action on direct appeal, that, when deciding whether to give an "on or about" instruction, a court
 
 
 9
 should look at how specifically the government alleges, in its indictment, the date on which the offense occurred, and compare that to the proof at trial as to what date the offense occurred. If the indictment or the proof points exclusively to a particular date, it would be preferable for the trial judge to avoid the "on or about" language.
 
 
 10
 The type of crime should also be considered. For instance, with some crimes, such as conspiracy, the proof is often nebulous as to exactly when the crime occurred. "On or about" language would be preferable in such a case, as compared to cases involving more "concrete" crimes, like murder.... Of course, there is no rigid formula for determining whether an "on or about" instruction is permissible. The above factors are offered as guidelines....
 
 
 11
 United States v. Neuroth, 809 F.2d 339, 341-42 (6th Cir.) (en banc), cert. denied, 482 U.S. 916 (1987).
 
 
 12
 If we were applying federal law under our supervisory powers, see United States v. Bartel, 19 F.3d 1105, 1110 (6th Cir.1994), petition for cert. filed, --- U.S.L.W. ---- (U.S. May 17, 1994), it would appear that the trial court erred in giving an "on or about" instruction. The Bill of Particulars specified that the events for which Johnson was charged occurred between May 24, 1986 and May 25, 1986, the prosecution exclusively attempted to show that Johnson raped Williamson on May 24, the defense offered alibi evidence for that date, and the crime of rape, like murder, is "concrete." Nevertheless, any error in the trial court was harmless under Brecht because Johnson failed to establish a complete alibi. Employment records indicated that Williamson worked from 9:30 a.m. to 5:45 p.m. on May 24 and that Johnson began work (for another employer) at 2:30 p.m. However, Johnson's and Williamson's whereabouts later in the evening of May 24 were disputed. Thus, the proof was directed at showing that Johnson raped Williamson on May 24 and the jury had no reason to "to speculate wildly as to the commission of a crime" on a different date. Neuroth, 809 F.2d at 342. Moreover, there were gaps in Johnson's alibi defense. On these facts, the trial court's error, if any, did not result in actual prejudice under Brecht.
 
 
 13
 Johnson cites United States v. Henderson, 434 F.2d 84 (6th Cir.1970), also decided on direct appeal, to support his assertion that the "on or about" instruction resulted in actual prejudice. In Henderson, the prosecution claimed that the defendant, indicted for interstate transport of a woman for purposes of prostitution, arrived with the woman in Louisville, Kentucky, at 3:00 a.m. on October 6, 1965, after driving from Cleveland, Ohio. However, the defense presented "unimpeached" and "completely credible" employment records showing that the defendant and the woman could not have been in Louisville at the time alleged, and the prosecution made no attempt to show that the crime charged occurred on some other date " 'reasonably related' to October 5." Id. at 88. Under these circumstances, the "on or about" instruction "wiped out the probative value of the defendant's clear evidence," id. at 89, when "a sophisticated jury might have [otherwise] found that the government had not proved its case," id. at 90. The instant case is distinguishable because Johnson did not present a complete alibi defense.
 
 
 14
 Johnson further argues that his compulsory process and confrontation rights were violated because, although he "was permitted to introduce evidence of an alibi defense, the trial court's instructions that the 'state need not prove that the offense was committed on the exact dates' effectively deprived him of the right to present the defense to the jury." This argument must be rejected because Johnson fails to cite authority indicating that he was deprived of the right to compulsory process on these facts. Still further, Johnson argues that he was deprived of the effective assistance of counsel because the "on or about" instruction came as a "surprise" that deprived his counsel of a satisfactory opportunity to gather alibi evidence for dates other than May 24, 1986. As stated above, the jury had no reason to speculate on dates other than May 24 because there were gaps in Johnson's alibi and no proof directed to other dates. Thus, any deprivation of the right to effective assistance was also harmless.
 
 
 15
 C. Evidentiary rulings.
 
 
 16
 Finally, Johnson argues that his due process rights were violated when the trial court admitted other acts evidence indicating that he schemed to obtain sex from women on prior occasions and impeachment evidence indicating that defense witness Johnnie Rogers was convicted of assault, arson, robbery, marijuana trafficking, and having a weapon while under disability during a period in which Johnson associated with Rogers. Once again, Johnson fails to demonstrate the existence of a federal constitutional error resulting in actual prejudice and cannot, therefore, obtain relief in habeas. See Brecht, 113 S.Ct. at 1722. Likewise, he fails to show that the cumulative effect of any trial errors rendered his trial fundamentally unfair.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Ohio Rev.Code Sec. 2907.02 provides as follows:
 (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when ...
 (a) For the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug or intoxicant to the other person, surreptitiously or by force, threat of force, or deception.
 * * *
 (2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
 
 
 [2]
 The first indictment was initially dismissed in May 1989. Therefore, the October 16 dismissal actually dismissed the first indictment for a second time
 
 
 [3]
 Ohio Rev.Code Sec. 2941.33 provides as follows:
 The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid.
 Ohio R.Crim.P. 48(A) provides as follows:
 The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate.
 
 
 [4]
 The trial court issued the following general instructions:
 In this case, the Defendant, Ronald Ray Johnson, Sr., is charged with 2 counts of the crime of rape, to wit, the first count is as follows: That in the County of Lorain, on or about during the time period of May 23rd, 1986 through May 26th, 1986, Ronald Ray Johnson, Sr. did engage in sexual conduct with Tracy L. Williamson, not his spouse, for the purpose of preventing resistance, having substantially impaired said Tracy L. Williamson's judgment or control by administering any drug or intoxicant to her surreptitiously or by force, threat of force, or deception, in violation of the law of Ohio.
 The second count is exactly the same as the first count.
 Further, in issuing the "on or about" instruction, the trial court explained as follows:
 It is necessary to prove by evidence beyond a reasonable doubt that the offense took place. It is not necessary that the State prove that the offense was committed on the exact dates as charged in the indictment. It is sufficient to prove that the offense took place on a date reasonably near the date claimed.