DECISION AND JUDGMENT ENTRY
 Statement of the Case
This is an appeal from a judgment entered by the Pike County Court, wherein that court found appellant, Ray Monroe, guilty of vehicular homicide, in violation of R.C. 2903.07, a misdemeanor of the first degree, and sentenced him accordingly.
On March 11, 1997, appellant was involved in an accident with another car at the intersection of Ohio Route 32 and U.S. Route 23 near Waverly, Ohio. This accident resulted in the death of Rachel Sheridan, the driver of the other car. On May 19, 1997, a Pike County Grand Jury indicted appellant on a charge of involuntary manslaughter, a violation of R.C.2903.04, a third-degree felony. The State of Ohio, appellee herein, obtained service of the indictment upon appellant on May 21, 1997. Appellant appeared for arraignment on May 29, 1997, entered a not guilty plea, and was released by the Pike County Court of Common Pleas on his own recognizance. On October 30, 1997, appellee moved to dismiss that action, "by reason a charge was filed in The Pike County Court on the above styled case" (sic).
Nearly a year later, on September 10, 1998, appellee charged appellant with vehicular homicide, a violation of R.C. 2903.07, a first-degree misdemeanor, in the Pike County Court. This new charge arose from the same March 11, 1997, incident, for which appellant had been previously indicted.
Appellant entered a not guilty plea to this new charge at his arraignment, in the Pike County Court, on October 19, 1998. On October 27, 1998, appellant moved to dismiss this misdemeanor charge based upon appellee's failure to provide him with a speedy trial, as provided by R.C. 2945.71 and 2945.73. After a hearing on October 30, 1998, the trial court denied appellant's motion. Appellant entered a plea of no contest on February 3, 1999, and the trial court found him guilty of the misdemeanor charge. The trial court sentenced him to one hundred eighty days in jail, with one hundred thirty-five days suspended, a $500 fine, three years license suspension, and a community control sanction of five years.
Appellant filed this timely appeal. The trial court stayed sentence pending appeal. Appellant presents a single assignment of error for our review:
 THE PIKE COUNTY COURT ERRED IN NOT GRANTING THE DEFENDANT'S MOTION TO DISMISS FOR THE FAILURE OF THE STATE OF OHIO TO PROVIDE THE DEFENDANT A SPEEDY TRIAL AS PROVIDED IN O.R.C. 2945.71-.73. [sic]
 Opinion
We reverse the decision of the trial court and order the discharge of the appellant.
The Sixth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I, Ohio Constitution, guarantee a criminal defendant the right to a speedy public trial. State v. Ladd (1978), 56 Ohio St.2d 197, 200,383 N.E.2d 579, 581. The Ohio speedy trial statute is constitutional, mandatory, and must be strictly construed against the state.State v. Pachay (1980), 64 Ohio St.2d 218, 416 N.E.2d 589, syllabus.
Inherent in the right to a speedy trial is the right of the accused to require the state to bring the matter to trial, and resolve the charges lodged against him, in a timely fashion. The speedy trial statute, R.C. 2945.71 (C), requires the trial of a person charged with a third-degree felony within two hundred seventy days after his arrest. Appellee served appellant with notice of his indictment on May 21, 1997. Hence, barring waiver or tolling of the time, the statute would require trial to commence prior to the end of February 1998.
Absent a constitutional violation, the prosecutor may exercise considerable selectivity in his prosecution of crimes. Once the prosecution has been initiated, however, the prosecutor is not possessed with the same unbridled authority to terminate the proceedings, as he was to initiate them.
Crim.R. 48 (A) provides that the state, by leave of court and in open court, may file an entry of dismissal, which will terminate the prosecution. R.C. 2941.33 provides that the prosecuting attorney may enter a nolle prosequi with leave of court on good cause shown and in open court. These provisions are essentially identical, except that R.C. 2941.33 provides that anolle prosequi entered contrary to these provisions is void.State v. Sutton (1979), 64 Ohio App.2d 105, 107, 411 N.E.2d 818,820.
"Good cause" is defined as a substantial reason and one that affords a legal excuse. State v. Jarvis (Dec. 18, 1998), Portage App. No. 97-P-0101, unreported; State v. Brown (1988), 38 Ohio St.3d 305,308, 528 N.E.2d 523, 531. It is, however, permissible to infer from the fact that the trial court ordered a nolleprosequi that the court has found good cause. State v. Allen
(Mar. 19, 1999), Lucas App. No. L-97-1444, unreported; Douglas v.Allen (1897), 56 Ohio St. 156, 160-161, 46 N.E. 707.
It is clear from both the rule and the statute that a hearing on a motion of this type, made by the prosecution, is available upon request by the defense for such a hearing. In most cases, the defendant is not prejudiced by the dismissal of charges against him, and dismissal may be entered in chambers, or by entry, with the knowledge of defendant, or defendant's counsel. However, where a nolle prosequi is entered before a jury is sworn, a defendant has not been placed in jeopardy, and another prosecution for the same offense is permissible. State v.Johnson, 68 Ohio App.3d 272, 277, 588 N.E.2d 224, 227, quotingSander v. Ohio (S.D.Ohio 1973) 365 F. Supp. 1251. Hence, while the defendant is no longer "in jeopardy," he remains under the threat of future prosecution.
The defendant may also wish to proceed with trial because he feels his defense will prevail. In City of Lakewood v. Pfeifer
(1992), 83 Ohio App.3d 47, 52, 613 N.E.2d 1079, 1082, the Eighth Appellate District held that the trial court could properly reject the city's cursory recitation of "insufficient evidence" as the basis for its motion to nolle a complaint and could then require the prosecution to present its case. In Lakewood, the city continued a domestic violence trial twice before the trial court denied a third request for continuance, and ordered the state to proceed, even though the state had sought a nolleprosequi in the case.
Appellant argues that neither he, nor his attorney, had notice of the dismissal of the felony charge against him until sometime in March 1998. Appellant argues that appellee's attempt to nolleprosequi the felony charge was invalid and that the time for trial of the felony action against appellant expired in February 1998. Since appellee concedes that the subsequent misdemeanor charge is based on precisely the same events and conduct as the earlier felony charge, the speedy trial time for the misdemeanor is "tacked" onto the felony action. State v. Cattee (1983),14 Ohio App.3d 239, 470 N.E.2d 421. Therefore, the trial of the subsequent misdemeanor charge must begin within the original two hundred seventy-day period provided for the trial of the felony charge. Failure to do so violates the right to a speedy trial and requires dismissal of the misdemeanor charge. See State v. Boyer
(Mar. 28, 1994), Richland App. No. 93-CA-58, unreported.
Appellee now argues that there were extensive discussions with appellant's counsel regarding a possible dismissal at two pre-trial conferences, held on June 26, 1997, and August 13, 1997. Further, appellee argues that appellant's counsel had knowledge of the dismissal before the expiration of speedy trial deadlines in this felony action.
Appellee concludes that the controlling fact is that the court docketed the dismissal and terminated the case, thereby tolling the speedy trial statute. The State cites as authority State v.Lewis (1990), 70 Ohio App.3d 624, 591 N.E.2d 854, arguing that any technical defects in its motion are of no import. Appellee's position is that after the dismissal of the original felony charge, no criminal charge remained pending against appellant; hence, he was no longer in jeopardy. The Lewis case, however, is factually distinguishable from the case before us. There, the grand jury failed to return an indictment in the first action brought against a felony defendant. Hence, the Lewis court found this tolled the speedy trial statute until a felony indictment of the accused was returned by the grand jury.
We find appellant's recitation of the facts of this action to be the more consistent with the stipulations entered by the parties and the record before us. At the October 30, 1998 hearing on appellant's motion to dismiss the misdemeanor charge, appellant called both the Pike County Clerk of Courts and the assignment commissioner for the Pike County Court of Common Pleas as his witnesses. The Clerk testified that appellee filed its motion to dismiss on October 30, 1997. The court filed the entry dismissing the felony complaint against appellant with the Clerk that same day. The single page motion and order is included in the record of the instant action from the Pike County Court. From the face of this document, it is clear that there is no certificate of service endorsed on this document. The Clerk testified that he has no record of the filing of a separate certificate of service with appellee's motion to dismiss. The Clerk returned only one copy of the completed dismissal entry, to the Prosecutor. The assignment commissioner, who also serves as the official reporter for the Pike County Court of Common Pleas, had no record of a hearing in appellant's felony case on October 30, 1997.
Confronted with this testimony, the Prosecutor stipulated to the absence of any certificate of service with his motion to dismiss the felony action. Appellant never disputed the extensive discussions about a possible dismissal at the two pre-trials in the felony action. However, the Prosecutor also stipulated that he did not have any further discussions with appellant's counsel about appellant's case after that second pre-trial conference on August 13, 1997. In addition, the Prosecutor stipulated that appellant's counsel was unaware of the dismissal of the felony charge against his client until March 1998. Finally, the Prosecutor stipulated that, at the time he filed his motion to dismiss the felony charge, he had not filed a misdemeanor charge in the Pike County Court. We note that the very basis for his motion to dismiss the indictment was the Prosecutor's representation that a misdemeanor charge had been filed in the Pike County Court. Further, the Pike County Court of Common Pleas found this representation to be "good cause" in the entry granting the State's motion to dismiss the felony charge.
Included in the Pike County Court records are copies of pre-trial notices issued by the Pike County Court of Common Pleas. The record also contains a copy of the notice of trial, dated July 14, 1997, setting the felony matter for trial by jury on October 6, 1997. We also note a jury venire, dated September 29, 1997, which includes the handwritten notation of "St. v. Monroe," and appellant's felony case number. We can conclude that appellant's counsel received notice of the cancellation of the October 6, 1997 trial. We cannot, however, conclude from this record that counsel had knowledge of the dismissal of the felony action against his client. We must accept the recitation of facts by appellant, as stipulated to by the State of Ohio, since we find that the "parties are bound as to all matters of fact and law concerned in their stipulations." State v. Folk (1991),74 Ohio App.3d 468, 471, 599 N.E.2d 334, 336. We must disregard appellee's new argument, that appellant was aware of the dismissal of the felony case, since it was not raised in the court below.
A review of the decision of the trial court to grant or deny a motion to dismiss based on violation of the speedy trial provisions presents a mixed question of fact and law for our review. We will independently review whether the trial court properly applied the law to the facts of the case. See State v.Kuhn (June 10, 1998), Ross App. No. 97CA2307, unreported; Statev. Pilgrim (Jan. 28, 1998), Pickaway App. Nos. 97CA2 97CA4, unreported. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. See Brecksville v. Cook
(1996), 75 Ohio St.3d 53, 661 N.E.2d 706.
Once an accused demonstrates that the state failed to bring him to trial within the applicable speedy trial limits, he has established a prima facie case for dismissal. See State v.Grinnell (1996), 112 Ohio App.3d 124, 132, 678 N.E.2d 231, 236
and State v. Baker (1993), 92 Ohio App.3d 516, 525,636 N.E.2d 363, 369. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled under R.C. 2945.72 to allow the accused to be brought to trial within the appropriate time limits of R.C. 2945.71. State v. Geraldo (1983), 13 Ohio App.3d 27,468 N.E.2d 328.
An appellate court reviewing a lower court's judgment indulges in a presumption of regularity regarding the proceedings below.Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617, 621. However, a court speaks only through its journal and entries filed with the clerk. See State v. King (1994), 70 Ohio St.3d 158,162, 637 N.E.2d 903, 906; State v. Mincy (1982), 2 Ohio St.3d 6,441 N.E.2d 571.
Crim.R. 43 (A) provides that the "defendant shall be present at the arraignment and every stage of the trial." Crim.R. 47 provides that an application for an order shall be by motion and that it shall be in writing. Crim.R. 49 (A) requires that "written motions other than those heard ex parte" shall be served upon each of the parties. Crim.R. 49 (B) allows service on the attorney of a party, in the same manner provided in Civ.R. 5 (B).
Crim.R. 49 (C) provides that papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and the manner of service and shall be signed and filed in the manner provided for by Civ.R. 5 (D).
A presumption of proper service exists where the record reflects that the rules pertaining to service have been followed. See Potter v. Troy (1992), 78 Ohio App.3d 372, 377,604 N.E.2d 828, 831; Rafalski v. Oates (1984), 17 Ohio App.3d 65, 66,477 N.E.2d 1212, 1214. The presumption may be rebutted by sufficient evidence in the record to the contrary. Grant v. Ivy (1980),69 Ohio App.2d 40, 429 N.E.2d 1185, paragraph one of syllabus. For example, the failure to attach a certificate of service to a default judgment motion provided sufficient grounds to reverse the civil judgment of the lower court. See Akron Beacon Journalv. Succeed Weight Loss Ctrs. (Oct. 14, 1998), Summit App. No. 18919, unreported.
If there are inconsistencies between the court's journal and other documents in the record, the journal controls. State v.King, 70 Ohio St.3d at 162, 637 N.E.2d at 906; State v. Meister
(1991), 76 Ohio App.3d 15, 19, 600 N.E.2d 1103, 1105. Here the record contains no notice to appellant of the State's motion to dismiss the felony action, or of the dismissal of that action.
More to the point, both the applicable statute and rule require the prosecutor to obtain permission to file an entry of dismissal "by leave of court and in open court." Crim.R.48 (A). As appellant notes, the term "open court" means that court is in session and the judge is on the bench. Linden v. Bates TruckLines, Inc. (1982), 4 Ohio App.3d 178, 446 N.E.2d 1139. Yet here, the assignment commissioner (and official court reporter) of the Pike County Court of Common Pleas testified that there was no hearing in appellant's case on the day it was dismissed. As we note above, it is sufficient if the dismissal is accepted in chambers with the knowledge of appellant's counsel or even by entry with appellant's knowledge. However, it is implied in both the statute and rule, that there be notice to appellant of appellee's dismissal of the charges.
The State argues that, even if appellant did not have notice of the dismissal, appellant suffered no prejudice. He was not under arrest, he was free to drive, and to continue working. However, even if not actually "in jeopardy," appellant remained under the cloud of this impending felony prosecution.
In State v. Jarvis (Dec. 18, 1998), Portage App. No. 97-P-0101, unreported, the state, at a preliminary hearing in a felony theft prosecution, dismissed the charges "for further review." Later the state reindicted the defendant on the same charges, and, after several continuances, the trial court dismissed this second action because of speedy trial violations. The court of appeals reversed, Justice William O'Neil, of the Eleventh Appellate District, dissenting. Justice O'Neil notes in his dissent that there was absolutely no demonstration of good cause sufficient to justify dismissal of the initial charge and toll the running of the time for appellant's right to a speedy trial. "The proverbial sword of Damocles was left hanging over this defendant's head while the state conducted `further review' of the matter."
We are similarly inclined to find that the failure of appellee and the Pike County Court of Common Pleas to comply with the applicable criminal rules and statutes prejudiced appellant. As we note above, the right to a speedy trial implicitly includes the right of the accused to demand that the State try its case against him within a reasonable time. True, jeopardy does not attach where the state dismisses an indictment before trial.State v. Bonarrigo (1980), 62 Ohio St.2d 7, 12, 402 N.E.2d 530,534. The entry of a nolle prosequi before the accused is placed in jeopardy "returns the parties to their relative positions prior to the institution of the prosecution." State v. Tankersley
(Oct. 31, 1996), Cuyahoga App. Nos. 70068 70069, unreported. However, the state must respect the right of the defendant to a speedy trial.
For a post-indictment dismissal by the state to be proper, it requires leave of the court, granted only on good cause shown, as set forth in Crim.R. 48 (A). Therefore, Crim.R. 48 (A) requires a balancing by the trial court of the public interest in criminal justice against the inherent right of the criminal defendant to obtain a speedy resolution of the charges against him. A criminal defendant, upon notice of the state's motion to dismiss, may, of course, waive any hearing and accept the dismissal of the indictment. However, he retains the right to a hearing on the state's motion, and may request the trial court to direct the state to proceed to trial. The state may properly ask leave of the court to dismiss and terminate the prosecution without prejudice, and the court, in interests of justice, must do so where good cause is shown.
Here, we have neither notice nor hearing. We are compelled by R.C. 2941.33 and Crim.R. 48 (A) to find the attempted nolleprosequi of the initial felony charge null and void. Therefore, we must conclude the speedy trial period for this felony charge expired in February 1998. Since the prosecution of the subsequent misdemeanor charge did not commence until September 1998, a number of months after expiration of the speedy trial deadline for the original felony charge, the court below should have granted the appellant's motion to dismiss.
We, therefore, sustain appellant's single assignment of error. The judgment of the trial court is REVERSED, and appellant is ordered DISCHARGED.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed, that the appellant be discharged, and that the appellant recover of the appellee costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Pike County Court to carry this judgment into execution.
Kline, P.J.: Concurs in Judgment and Opinion., Abele, J.: Concurs in Judgment Only.
 _____________________ David T. Evans, Judge