JOURNAL ENTRY AND OPINION
{¶ 1} On March 31, 2006, the relator, Timothy Nash, commenced this mandamus action against the respondent, Judge Nancy Fuerst. He seeks to compel the respondent to issue rulings and findings for motions to dismiss the underlying cases, State of Ohio v.Timothy Nash, Cuyahoga County Common Pleas Court Case Nos. CR-473499 and 473788, on the grounds of double jeopardy and speedy trial or alternatively the actual dismissal of those cases. On April 26, 2006, the respondent judge, through the Cuyahoga County Prosecutor, moved to dismiss this action. Nash never filed a brief in opposition. For the following reasons, this court grants the judge's dispositive motion.
 {¶ 2} On November 8, 2005, Nash was arrested for breaking and entering and so charged in Cleveland v. Timothy Nash, Cleveland Municipal Court Case No. 2005CRA037695. On November 22, 2005, the prosecutor nolled the charge in Cleveland Municipal Court. On that same day, the Grand Jury indicted him in Case No. CR-473788 for (1) breaking and entering, (2) theft, and (3) drug possession and in Case No CR-473499 for (1) breaking and entering, (2) theft, and (3) vandalism. During the pendency of these cases, Nash requested "that a 90 day speedy trial be had with no continuances." Nevertheless, at pre-trials the court granted several continuances "at defendant's request." The court also entered a journal entry setting trial for February 7, 2006, "at the request of defendant." (Docket entry of January 9, 2006.)
 {¶ 3} Nash claims that he moved to dismiss the charges on speedy trial grounds and apparently also on double jeopardy grounds, but the respondent failed to rule on those motions.[1] On February 7, 2006, Nash requested that he be allowed to represent himself pro se. The respondent judge allowed this request, removed Nash's then-current attorney, appointed the public defender as Nash's advisor, and continued the trial one day because of the change in counsel. Nevertheless, on February 8, 2006, Nash pleaded guilty to breaking and entering in Case No. CR-473499 and to theft in Case No. CR-473788 with all other counts nolled. He did not appeal, but brought this mandamus action to compel findings on the motions and/or dismissal of the charges based on double jeopardy and speedy trial.
 {¶ 4} Nash argues that he spent 92 days in jail from the date of his arrest, November 8, 2005, to the date of trial, February 8, 2006. Because he asked that there be no continuances, he submits that he should have been freed on day 91, February 7, 2006. He also argues that the nolle of the Cleveland Municipal Court case created a double jeopardy bar to the two Common Pleas Court cases. Thus, he should be cleared of all charges and convictions. At the very least, he claims that the respondent judge has the duty to issue rulings and findings on his motions. However, these claims are not well taken.
 {¶ 5} By pleading guilty, Nash waived his right to challenge his convictions on these issues, especially speedy trial. "An unqualified plea of guilty, legitimately obtained and still in force, bars further consideration of all but the most fundamental premises for the conviction, of which the subject-matter jurisdiction of the court is the familiar example. The claims here asserted have nothing of this quality." Village ofMontpelier v. Greeno (1986), 25 Ohio St.3d 170, 171,495 N.E.2d 581, quoting United States v. Doyle (C.A. 2, 1965),348 F.2d 715, 718-719. Specifically, in Greeno, the Supreme Court of Ohio ruled that a guilty plea forecloses the right to assert the speedy trial issue. In State v. Kelley (1991),57 Ohio St.3d 127, 566 N.E.2d 658, the court ruled that, not only does a guilty plea waive the right to challenge a conviction on speedy trial grounds, it also waives all appealable errors which may have occurred at trial, unless those errors prevented the defendant from voluntarily entering the guilty plea. In Jarrett v.Cuyahoga County Common Pleas Court, Cuyahoga App. No. 87232,2006-Ohio-2220, the relator brought a mandamus action to compel, inter alia, the trial judge to rule on an outstanding motion. This court dismissed the mandamus action, because, inter alia, the relator had pled guilty which implicitly denied the motion. Accordingly, Nash's guilty plea waived his right to have the trial court rule on his motions and precludes relief in mandamus.
 {¶ 6} Moreover, the nolle prosequi of the Cleveland Municipal Court charge did not establish a double jeopardy bar to the indictment. In State v. Johnson (1990), 68 Ohio App.3d 272,277, 588 N.E.2d 224, the court held: when "a nolle prosequi is entered before a jury is sworn, a defendant has not been placed in jeopardy, and another prosecution for the same offense is permissible." (Italics in original.) State v. Frost (June 23, 1983), Cuyahoga App. No. 45561 and State v. Jackson (Nov. 12, 1997), Lorain App. No. 96CA006560. Accordingly, Nash's claims relating to double jeopardy are ill-founded.
 {¶ 7} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggettv. Gessaman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and Stateex rel. Pressley v. Industrial Commission of Ohio (1967),11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Jerninghanv. Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State exrel. Tran v. McGrath, 78 Ohio St.3d 45, 1997-Ohio-245,676 N.E.2d 108 and State ex rel. Boardwalk Shopping Center, Inc. v.Court of Appeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33,564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Bd. of Edn.
(1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel.Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
 {¶ 8} In the present case, to the extent that Nash seeks to directly raise his speedy trial claims, mandamus is not the proper remedy. Speedy trial issues can be addressed only through direct appeal. State ex rel. Dix v. Angelotta (1985),18 Ohio St.3d 115, 480 N.E.2d 407. Furthermore, appeal is an adequate remedy, precluding mandamus, for failing to provide findings for rulings on motions, including speedy trial motions. State exrel. Ross v. State, 102 Ohio St.3d 73, 2004-Ohio-1827,806 N.E.2d 553 and City of Bryan v. Knapp (1986), 21 Ohio St.3d 64,488 N.E.2d 142.
 {¶ 9} Accordingly, this court dismisses Nash's application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Celebrezze, Jr., P.J., and Cooney, J., Concur.
[1] A January 19, 2006 docket entry lists the following: "Request to know why continuation 1/9/06 when 2945.71 has not been imposed as previously requested and court order 11/12/05 where State v. Pachay 64 Ohio St.2d 218 and State v. Hudson10 Ohio App.3d 52 opinion by 8th District Cuyahoga County enforce motion 11/12/05, 11/30/05 and this motion to stop delay and release." Nash apparently also filed supplemental briefs for hearing on January 19 and January 23, 2006. He also filed several other motions asking for immediate disposition, inter alia, on lack of evidence and "where statutory law prescribes." Thus, this court, from its review of the dockets in the underlying cases, is uncertain as to when Nash made the subject motions.