[Cite as *State v. Skiles*, 2018-Ohio-2591.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-17-1030

       Appellee                                     Trial Court No. CR0201603308

v.

Gregory Lee Skiles                              **DECISION AND JUDGMENT**

       Appellant                                    Decided:  June 29, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Brad F. Hubbell, for appellant.

Gregory L. Skiles, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant from the judgment of the Lucas

County Court of Common Pleas.  In this case, appellant was indicted on October 18,

2016, in case No. CR0201602924 on three counts.  The grand jury charged appellant with

three violations of the Ohio Revised Code, each being a felony that occurred on October 11, 2016, in Lucas County, Ohio. Count 1, a charged violation of R.C. 2911.02(A)(2) and (B), robbery, a felony of the second degree, with an added specification that the offender is a repeat violent offender, pursuant to R.C. 2941.149. Count 2, a charged violation of R.C. 2903.11(A)(2) and (D), felonious assault, a felony of the second degree, with an additional specification that the offender is a repeat violent offender, pursuant to R.C. 2941.149. Finally, Count 3, a charged violation of R.C. 2921.331(B) and (C)(5)(a)(ii), failure to comply with an order or signal of a police officer, a felony of the third degree, again with an additional specification that the offender is a repeat violent offender, pursuant to R.C. 2941.149.

{¶ 2} On December 21, 2016, appellant was again indicted by the Lucas County Grand Jury in case No. CR0201603308. In this instance, appellant was charged with the same violations, with the added specification that the harm done on the second count of felonious assault involved a peace officer and that the assault was committed by means of a deadly weapon or dangerous ordnance, thereby elevating the level of felony from a second degree to a first degree.

{¶ 3} On January 9, 2017, case No. CR0201602924 was dismissed and case No. CR0201603308 proceeded to trial before a jury. Testimony concluded on January 11, 2018, and the jury deliberated for approximately two hours. Appellant was found guilty on the robbery count and the failure to comply with a signal of a police officer (Counts 1 and 3). Appellant was found not guilty on the felonious assault count (Count 2).

2.

**{¶ 4}** On January 12, 2018, appellant was sentenced to five years for the robbery count, three years on the failure to comply count. The court ordered the sentences to be served consecutively to each other for a total term of imprisonment of eight years. The court also imposed and properly advised appellant of three years of mandatory postrelease control and further imposed court costs.

**{¶ 5}** Counsel was appointed to represent him in pursuing an appeal from this sentence.

**{¶ 6}** Appointed counsel has filed a brief and requested leave to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters. *Id.* Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id.* If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id.*

3.

**{¶ 7}** In this case, appellant's appointed counsel has satisfied the requirements set forth in *Anders, supra*. This court further notes that appellant did file a pro se brief on his own behalf in this appeal. Appellee, state of Ohio, has filed a responsive brief.

**{¶ 8}** Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel as well as the arguments presented by appellant in his brief.

**{¶ 9}** We have reviewed and considered the entire record from below including the transcript of all proceedings and journal entries and original papers from the Lucas County Court of Common Pleas as well as the briefs filed by counsel and appellant. Upon this review we will determine if this appeal lacks merit and is, therefore, wholly frivolous.

**{¶ 10}** Counsel refers to two possible, but ultimately indefensible assignments of error: (1) The trial court erred by subjecting appellant to double jeopardy when it allowed the state to file a second indictment based on the same operative facts. In this instance, the first indictment in case No. CR0201602924, was dismissed before a jury was sworn to begin the trial in the second indictment, case No. CR0201603308. Under these circumstances, appellant was not placed in jeopardy for another prosecution for the same offense. *State v. Johnson* (1990), 68 Ohio App.3d 272, 277, 588 N.E.2d 224 (9th Dist.). We agree with counsel that this potential assignment is meritless.

4.

{¶ 11} Counsel's proposed second assignment is that the trial court erred in the imposition of court costs. Appellant was ordered to pay costs assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021.

{¶ 12} R.C. 9.92(C) requires the imposition of the sum of $1 as costs in any case in which a person is convicted of or pleads guilty to any offense other than a traffic offense in a county that has an affiliation with a citizens' reward program. Thus, there is no merit to the argument that these costs were improperly assessed against appellant.

{¶ 13} R.C. 2929.18(A)(5)(a)(ii) authorizes a court to order a criminal defendant to pay all or part of the costs of his confinement. The record contains evidence that the court considered appellant's ability to pay such a sanction. At sentencing, appellant stated "I have been a working citizen of Lucas County Ohio the whole time I have been released." The court specifically found him to be to be able-bodied and would be able to pay the costs in the future. There were no objections made at sentencing when appellant was informed that these costs were assessed against him. Again, we find no merit to this aspect of the second proposed assignment of error.

{¶ 14} However, appellant was not placed on community control or probation. Therefore, R.C. 2951.021, which governs the "cost of supervision," is inapplicable to appellant's costs. Thus, that part of appellant's second assignment of error that claims that he could not be assessed the costs of supervision is found well-taken.

{¶ 15} Appellant presents some arguments on his own behalf. Specifically, he claims that R.C. 2945.71(C)(2) required that he be tried within 90 days of his arrest.

5.

However, this argument is unavailing as appellant has misrepresented the language of the statute. R.C. 2945.71(C) states as follows:

> (C) A person against whom a charge of felony is pending:
>
> (1) Notwithstanding any provisions to the contrary in Criminal Rule 5(B), shall be accorded a preliminary hearing within fifteen consecutive days after the person's arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after the person's arrest if the accused is held in jail in lieu of bail on the pending charge;
>
> (2) Shall be brought to trial within two hundred seventy days after the person's arrest.

{¶ 16} Therefore this proposed argument is without merit.

{¶ 17} Appellant has proposed two additional assignments of error that challenge the sufficiency of the evidence as well as the manifest weight of the evidence. However, in the body of his brief, he presents no articulable argument in support of these assignments. In reviewing a challenge to the sufficiency of evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In making that determination, appellate courts will not weigh evidence or assess credibility of the witnesses. *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978). *State v. Perez*, 6th Dist. Wood No. WD-17-017, 2018-Ohio-1956, ¶ 20. We find there

6.

was sufficient evidence presented to the jury wherein a rational trier-of-fact could have found the essential elements of robbery and failure to comply with a signal of a police officer.

{¶ 18} In a manifest weight challenge, we must determine whether the greater amount of credible evidence supports the conviction. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12. This court sits as if the "thirteenth juror" and must review the record, weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier-of-fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *See State v. Leech*, 6th Dist. Lucas No. L-13-1156, 2015-Ohio-76, ¶ 32, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Our review of the evidence finds no indication that the jury lost its way and created a manifest miscarriage of justice.

{¶ 19} We therefore find no merit to these proposed assignments presented by appellant.

{¶ 20} Appellant also argues that he was denied effective assistance of counsel as a result of the claimed accumulated errors of counsel. It is well-established that in order to prevail on a claim of ineffective assistance of counsel, it must be demonstrated both that trial counsel's conduct was deficient in certain regards, and that but for those demonstrated deficiencies, the outcome of the matter would have been different.

7.

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We have been unable to find any conduct of counsel that was deficient. This proposed assignment present by appellant himself is without merit.

## Conclusion

{¶ 21} We have accordingly conducted an independent examination of the record pursuant to *Anders v. California* and have further considered both counsel's proposed assignments of error and appellant's own assignments presented to the court in his own brief. The motion of counsel for appellant requesting to withdraw as counsel is granted.

{¶ 22} Based upon our own independent examination, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. The imposition of the costs of supervision under R.C. 2951.021 is reversed and vacated. The imposition of all other costs is affirmed. The judgment is otherwise affirmed in every other respect. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24(A). The clerk is ordered to serve all parties, including the defendant if he has filed a brief, with notice of this decision.

Judgment affirmed, in part,
and reversed, in part.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
                                                                    JUDGE

James D. Jensen, J.          

                                                     _____
Christine E. Mayle, P.J.                                        JUDGE
CONCUR.

                                                     _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.